IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAWAII CARPENTERS TRUST FUNDS, ET AL., | ) ) ) | CIVIL NO. 12-00674 LEK-RLP |
| Plaintiffs, | ) ) ) | FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT |
| vs. | ) ) | AGAINST DEFENDANT ODARLICO DIMAYA |
| ODARLICO DIMAYA, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR
ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT ODARLICO DIMAYA[1]

Plaintiffs Trustees of the Hawaii Carpenters Trust
Funds ("Plaintiffs") filed a Motion for Entry of Default Judgment
Against Defendant Odarlico Dimaya on May 29, 2012 ("Motion").
ECF No. 8.  Defendant was served with a copy of the Motion, but
did not file an opposition or otherwise respond.  See ECF No. 8
at 16.  The Court found the Motion suitable for disposition
without a hearing pursuant to Rule 7.2(d) of the Local Rules of
Practice of the United States District Court for the District of
Hawaii.  ECF No. 11.  After consideration of the Motion, the
supporting memoranda, exhibits, and the record in this action,
the Court FINDS AND RECOMMENDS that the Motion be GRANTED.

---

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1)(B), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

<u>BACKGROUND</u>

Plaintiffs filed their Complaint against Defendant on December 13, 2012.  ECF No. 1.  The Complaint alleges that Defendant was employed by Pioneer Contracting Company, Ltd. ("Pioneer").  <u>Id.</u> ¶ 5.  Pioneer entered into a collective bargaining agreement whereby Pioneer agreed to contribute and pay to the Hawaii Carpenters Trust Funds certain employee benefit contributions and the Hawaii Carpenters Trust Funds agreed to pay certain employee benefits to Pioneer's employees and eligible dependents.  <u>Id.</u> ¶ 6.  A copy of the collective bargaining agreement was attached to the Complaint as Exhibit A.  <u>See</u> ECF No. 1-3.  Plaintiffs also attached the Certification of Receipt and Acceptance for the collective bargaining agreement, which was signed by Pioneer.  <u>See</u> ECF No. 1-1.  Defendant and his former spouse, Charman K. Dimaya, received benefits from the Hawaii Carpenters Trust Funds.  ECF No. 1 ¶ 7.  Pursuant to the rules and regulations of the Hawaii Carpenters Trust Funds, coverage for a participant's spouse terminates upon the dissolution of the marriage.  <u>Id.</u> ¶ 8; <u>see also</u> Summary Plan Description attached as Ex. C to Compl.

On February 27, 2012, Defendant informed the Hawaii Carpenters Trust Funds that he had divorced Charman K. Dimaya. ECF No. 1 ¶ 9.  However, the divorce decree provided by Defendant showed that the divorce was filed on May 13, 2011, over one year

2

before Defendant informed the Hawaii Carpenters Trust Funds of

his divorce.  Id.  Benefits in the amount of $23,346.92 were paid

out on behalf of Charman K. Dimaya between the time of the

divorce and the time that Defendant notified the Hawaii

Carpenters Trust Funds of the divorce.  Id. ¶ 10.  Plaintiffs

seek to recover $23,346.92 from Defendant and also request

attorneys' fees and costs under the collective bargaining

agreement and 29 U.S.C. § 1132(g).  Id. ¶ 14.  The Clerk entered

default against Defendant pursuant to Rule 55(a) of the Federal

Rules of Civil Procedure on March 8, 2013.  ECF No. 7-3.

ANALYSIS

Default judgment may be entered for the plaintiff if

the defendant has defaulted by failing to appear and the

plaintiff's claim is for a "sum certain or for a sum which can by

computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2).

The granting or denial of a motion for the entry of default

judgment is within the discretion of the court.  Haw. Carpenters'

Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).

Entry of default does not entitle the non-defaulting party to a

default judgment as a matter of right.  Valley Oak Credit Union

v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991).  Default

judgments are ordinarily disfavored, and cases should be decided

on their merits if reasonably possible.  Eitel v. McCool, 782

F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the

3

following factors in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff;
>
> (2) the merits of plaintiff's substantive claim;
>
> (3) the sufficiency of the complaint;
>
> (4) the sum of money at stake in the action;
>
> (5) the possibility of a dispute concerning material facts;
>
> (6) whether the default was due to excusable neglect; and
>
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir.

4

1992) (citing <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir.
1978)).

### A.   Jurisdiction

Before considering the merits of default judgment, the
Court has an affirmative obligation to determine whether or not
it has subject matter jurisdiction over this action and personal
jurisdiction over Defendant.  <u>See</u> <u>In re Tuli</u>, 172 F.3d 707, 712
(9th Cir. 1999) ("To avoid entering a default judgment that can
later be successfully attacked as void, a court should determine
whether it has the power, i.e., the jurisdiction, to enter the
judgment in the first place.").  First, the Court has subject
matter jurisdiction pursuant to the Employment Retirement Income
Security Act of 1974 ("ERISA"), as amended.  <u>See</u> 29 U.S.C.
§§ 1132(a)(3)(B), (e).  Second, the Court has personal
jurisdiction over Defendant.  Personal jurisdiction can be
acquired by personal service or by a defendant's "minimum
contacts" with the jurisdiction.  <u>Cripps v. Life Ins. Co. of
North Am.</u>, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing <u>Burnham v.
Superior Court of California</u>, 495 U.S. 604 (1990)).  Here, the
Declaration of Counsel submitted in support of the Request for
Entry of Default states that service was made "in accordance with
Rule 4 of the Federal Rules of Civil Procedure" on December 20,
2012.  ECF No. 7-1 ¶¶ 4-5.  This service is sufficient under 29
U.S.C. § 1132(e)(2).

### B.   Eitel Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above.  The Court will address each factor in turn.

### 1.   The Possibility of Prejudice to Plaintiffs

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery.  Accordingly, the first Eitel factor favors the entry of default judgment.

### 2.   Merits of Plaintiffs' Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default.  See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906.  Under Section 502(a)(3) of ERISA, a fiduciary may bring a civil action "(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." 29 U.S.C. § 1132(a)(3).  This provision authorizes only "those categories of relief that were typically available in equity (such as injunction, mandamus, and

6

restitution, but not compensatory damages)." <u>Mertens v. Hewitt</u>
<u>Assocs.</u>, 508 U.S. 248, 256 (1993).  Equitable restitution under
"ERISA is available where the defendant 'actively and
deliberately' misleads the plaintiff to the plaintiff's
detriment." <u>Northwest Adm'rs, Inc. v. Cutter</u>, 328 Fed. Appx.
577, 578 (9th Cir. 2009) (equitable restitution available for
medical benefits paid for woman who defendant misrepresented as
his wife).

Here, Defendant wrongfully represented that Charman K.
Dimaya was eligible for benefits as his spouse under his health
plans after they were divorced.  ECF No. 1 ¶ 9.  Defendant's
misrepresentation resulted in the improper payment of $23,346.92
in health benefits for Charman K. Dimaya's medical treatment.
Id. ¶ 10.  Those payments were "ill gotten gains." <u>See</u> <u>Mertens</u>
<u>v. Hewitt Associates</u>, 508 U.S. 248, 260 (1993).  The Court finds
that Plaintiffs' allegations, taken as true, are sufficient to
establish that they are entitled to judgment against Defendant
for equitable restitution.  Accordingly, this factor weighs in
favor of default judgment.

### 3.   Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled
and supported by the documents filed with the Complaint.  The
Court finds that the sufficiency of the Complaint also weighs in
favor of default judgment.

### 4.   Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiffs seek $23,346.92 for health benefits that were improperly paid out on behalf of Charman K. Dimaya.  Plaintiffs' request is tailored to Defendant's specific wrongful conduct in misrepresenting that he was married to Charman K. Dimaya from June 2011 to February 2012.  The Court finds that this factor weighs in favor default judgment.

### 5.   Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.  TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair amount of time to answer the Complaint and he has not done so.  Because no dispute has been raised regarding Plaintiffs' material factual allegations, the Court finds that this factor favors default judgment.

### 6.   Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect.  Plaintiffs personally served Defendant with the Summons in this matter on December 20, 2012. ECF No. 6.  Defendant did not file a response to Plaintiffs' Complaint or respond to Plaintiffs' request for entry of default,

which Defendant was served with by mail on March 7, 2013.  ECF
No. 7-4.  In addition, Plaintiffs served Defendant with notice of
the Motion on May 29, 2013.  ECF No. 8 at 16.  Despite ample
notice of this lawsuit and Plaintiffs' intent to seek default
judgment, Defendant has not appeared in this matter to date.  The
record suggests that Defendant's default was not the result of
any excusable neglect, but rather due to Defendant's conscious
and willful decision not to defend this action.  Consequently,
this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's failure to answer Plaintiffs' Complaint
makes a decision on the merits impractical, if not impossible.
Under Rule 55, "termination of a case before hearing the merits
is allowed whenever a defendant fails to defend an action."
PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris
USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D.
Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b)
indicates that the seventh Eitel factor is not alone
dispositive").  Here, Defendant has failed to defend this action
and has consequently rendered adjudication on the merits before
this Court impracticable.  This factor does not preclude the
Court from entering default judgment against Defendant.

### 8. Totality of Eitel Factors

The Court finds that the totality of the factors weighs

in favor of entering default judgment in Plaintiffs' favor and against Defendant.

## C.   Damages

Plaintiffs contend that Defendant wrongfully obtained health benefits for Charman K. Dimaya in the amount of $23,346.92.  In support of this contention, Plaintiffs submitted a letter from the Benefits Coordinator for the Hawaii Carpenters Trust Funds.  See Ex. 3 to Mot.  The Court finds that Plaintiffs have established that they are entitled to an award against Defendant in the amount of $23,346.92.

In support of their request for attorneys' fees, Plaintiffs reference in their Complaint the collective bargaining agreement and 29 U.S.C. § 1132.  See ECF No. 1 ¶ 14.  First, Plaintiffs do not cite a specific provision or section of the collective bargaining agreement, entered into between the Hawaii Carpenters Trusts Funds and Pioneer, that would allow for an award of fees against Defendant, a beneficiary, in this case. The collective bargaining agreement does reference awarding fees in actions to collect delinquent contributions from employers, but that is not the subject of this action.  See ECF No. 1-2 at 19.  The Court finds that Plaintiffs are not entitled to an award of attorneys' fees based on the collective bargaining agreement.

Second, Plaintiff state that they are entitled to fees pursuant to 29 U.S.C. § 1132(g).  Subsection 1132(g)(1) permits

the court "in its discretion" to award reasonable attorney's fees.  29 U.S.C. § 1132(g)(1).  Plaintiffs make no arguments to support their request for fees under this provision.  See ECF No. 8.  Given the absence of any argument from Plaintiffs, the Court declines to exercise its discretion to award attorneys' fees in this action.  Subsection 1132(g)(2) specifically covers actions to recover delinquent contributions from employers under Section 1145, which is not at issue in this case.  Accordingly, the Court finds that Plaintiffs are not entitled to an award of attorneys' fees under 29 U.S.C. § 1132(g).

<u>CONCLUSION</u>

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Default Judgment Against Defendant be GRANTED as follows:

(1)  Default judgment be entered in Plaintiffs' favor and against Defendant;

(2)  Plaintiffs are entitled to an award of $23,346.92.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII JUNE 24, 2013.



Richard L. Puglisi
United States Magistrate Judge

**HAW. CARPENTERS TRUST FUNDS, ET AL. V. DIMAYA**, CV 12-00674 LEK-RLP, FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT ODARLICO DIMAYA